**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**
(Electronically Filed on February 20, 2007)

| | | |
|---|---|---|
| BANNUM, INC., Plaintiff, | ) | No. 07-109C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**MOTION FOR LEAVE TO INTERVENE**

Pursuant to RCFC 24(a)(2), Dismas Charities, Inc. ("Dismas"), through its undersigned counsel, moves for leave to intervene in the above-referenced action.[1] Plaintiff Bannum, Inc. ("Bannum") has brought this case as a post-award bid protest challenging the action of Defendant, acting through the Federal Bureau of Prisons ("BOP"), in awarding a contract for community corrections center services on RFP No. 200-0880-SE ("Solicitation"). BOP awarded Dismas the contract being challenged by Bannum in this case and, until the BOP completes its re-evaluation of proposals, Dismas remains the awardee.

As the awardee of the contract at issue in this case, Dismas seeks to intervene as of right in this protest to protect its substantial economic interest in the contract. *See* RCFC 24(a)(2); RCFC, App. C, ¶ 8(a) & (b); *see also Klamath Irrigation Dist. v. United States*, 64 Fed. Cl. 328,

[1] Generally, RCFC 24(c) requires an intervenor to file a pleading when intervening. However, to date, counsel for Dismas has not yet received a copy of the complaint or other papers filed by Bannum, except the cover letter to the Court listing Bannum's filings. Furthermore, because Bannum has not filed a motion for a temporary restraining order and the Court has scheduled a status conference for February 20, 2007 to discuss, among other things, the projected schedule of events in this case, Dismas respectfully requests leave of this Court to file its answer, or a dispositive motion in lieu of an answer, within 60 days after the Government files the Administrative Record.

335 n.11 (2005) (commenting that "this court's rules anticipate that intervention will be granted to such awardees" in contract bid protest actions). This Court routinely allows contract awardees to intervene in bid protests and allowed Dismas to intervene in Bannum's prior protest of the instant contract award. *See, e.g.*, *ManTech Telecomm. & Info. Sys. Corp. v. United States*, 49 Fed. Cl. 57, 63 (2001), *aff'd*, 30 Fed. Appx. 995 (Fed. Cir. 2002); *Antarctic Support Servs. v. United States*, 46 Fed. Cl. 145, 148, *aff'd*, 251 F.3d 171 (Fed. Cir. 2000) (unpublished table decision); *see also CHE Consulting, Inc. v. United States*, 47 Fed. Cl. 331 (2000); *Ellsworth Assocs., Inc. v. United States*, 45 Fed. Cl. 388 (1999), *appeal dismissed*, No. 00-5028, 2001 WL 267859 (Fed. Cir. Mar. 6, 2001); *Candle Corp. v. United States*, 40 Fed. Cl. 658 (1998).

Therefore, Dismas respectfully requests that the Court grant Dismas's motion to join this action as an intervenor of right.

Dated: February 20, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102

703.770.7940
703.770.7901 (fax)

Attorney of Record
Dismas Charities, Inc.

*Of Counsel*:

Daniel S. Herzfeld
Orest J. Jowyk
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102
703.770.7900
703.770.7901 (fax)